# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | 1:17-CR-00142-ELR |
| | * | |
| WILLIAM GERARD BROWN, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Order and Final Report and Recommendation ("R&R") [Doc. 44] that Defendant's Motions to Suppress Evidence [Docs. 24, 39] be granted in part and denied in part, and that Defendant's Motion to Suppress Statements [Doc. 25] be denied.[1] In the time period allotted for the parties to object to the R&R, Defendant, by and through counsel, filed objections [Doc 46]. For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Defendant's objections.

---

[1] Defendant notes in his objections that Defendant's Motions to Suppress Evidence appear in docket entries 24, 35, and 39. However, docket entry 35 is a Motion to Adopt and Amend Defendant's Motion to Suppress, which was granted by Magistrate Judge Walker. [Doc. 44 at 1].

## I. Standard of Review

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.). In accordance with 28 U.S.C. § 636(b)(1), and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. Discussion

A party objecting to an R&R must specifically identify the findings objected to. Schultz, 565 F.3d at 1361. Defendant specifically objects to the R&R's conclusion that Defendant's flight during the April 28, 2017 stop was unprovoked.

2

[Doc. 46 at 2]. The court has conducted a *de novo* review of this conclusion and finds that the R&R's recommendations are correct.

Defendant does not object to Magistrate Judge Walker's findings of fact. [Doc. 46 at 1]. Magistrate Judge Walker's findings of fact are as follows: (1) Officer Crowder (a stopping officer) saw Defendant with what looked like a marijuana cigarette; (2) When the stopping officers asked Defendant to "come here for a second," Defendant took off running with what appeared to be a blunt in his left hand; and (3) Officer Magana (a stopping officer) saw a black handgun in Defendant's right hand that was lost during Defendant's flight, but was later recovered. [Doc. 44 at 39-40].

As stated above, Defendant's sole objection is to the R&R's characterization of Defendant's April 28, 2017 flight as "unprovoked." [Doc. 46 at 2]. Defendant's objection makes no argument as to how the nature of the flight, be it provoked or unprovoked, would alter Magistrate Judge Walker's legal analysis. Nevertheless, the Court agrees with the R&R that Defendant's flight during the April 28, 2017 encounter, as well as the other facts presented, are sufficient to give rise to the reasonable suspicion necessary to stop Defendant. Accordingly, the Court **OVERRULES** Defendant's objection to the R&R.

## III. Conclusion

For the foregoing reasons, the Court **OVERRULES** Defendant's objection to the R&R [Doc. 46] and **ADOPTS** the R&R [Doc. 44] as the opinion of this Court. The Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motions to Suppress Evidence [Docs. 24, 39]. The Court **DENIES** Defendant's Motion to Suppress Statements [Doc. 25]. Defendant has until **Wednesday, June 27, 2018** to advise the Court of his decision to either enter a plea of guilty or to proceed to trial.

**SO ORDERED**, this 11th day of June, 2018.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

4